UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEBRA EARLY-KING

                           Plaintiff,

              -against-

UNITED STATES OF AMERICA,

                        Defendants.
------------------------------------------------------------------X

Civil Action No.:

**VERIFIED COMPLAINT**

Plaintiff, DEBRA EARLY-KING, by and through her attorneys, Gersowitz Libo & Korek, P.C., alleges the following upon information and belief:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is based upon 28 U.S.C. § 1346(b)(1), as it involves claims under the Federal Tort Claims Act (hereinafter "FTCA") against the United States for personal injuries caused by the negligence of a government employees acting within the scope of their employment.

2. That Plaintiff served and duly filed an administrative claim within two years of the cause of action herein pled.

3. That the Department of Health and Human Services acknowledged the administrative tort claim, by letter dated December 10, 2015, and assigned Claim No.: 2016-0062.

4. That by letter dated April 5, 2017, the Department of Health and Human Services denied the Plaintiff's administrative tort claim.

5. That on April 11, 2017, the Department of Health and Human Services mailed the denial of the administrative tort claim.

6. That the above action is being filed within six (6) months from the date of the mailing of the denial.

7. Upon information and belief, all conditions precedent to the commencement of this action have been satisfied and plaintiff has exhausted her administrative remedies.

8. Venue is based upon 28 U.S.C. §1391(e), in that the causes of action arose from the actions of a physician deemed to be an employee of the United States of America and Plaintiff resides within the Southern District of New York

## PARTIES

9. That at all times herein, plaintiff, DEBRA EARLY-KING, was and is a resident of the County, City and State of New York.

10. That at all times hereinafter mentioned, BETANCES HEALTH CENTER, was and still is a federally-funded-clinic, pursuant to the Federally Supported Health Care Centers Assistance Act (42 USC §§ 233(g)-(n)

11. That at all times herein, defendant, DONZELLA DIXON, M.D., was and still is a physician duly licensed to practice medicine within the State of New York.

12. At various times mentioned herein, DONZELLA DIXON, M.D. provided medical services to patients at BETANCES HEALTH CENTER.

13. At various times mentioned herein, SARA ARMSTRONG, FNP, provided medical services to patients at BETANCES HEALTH CENTER.

14. Based upon information provided by the Department of Justice and the Department of Health and Human Services, BETANCES HEALTH CENTER is wholly and/or partially funded by the federal government.

15. Based upon information provided by the Department of Justice and the Department of Health and Human Services, , BETANCES HEALTH CENTER is considered an agency and/or employee of the federal government.

16. Based upon information provided by the Department of Justice and the Department of Health and Human Services, DONZELLA DIXON, M.D. was an employee of BETANCES HEALTH CENTER.

17. Based upon information provided by the Department of Justice and the Department of Health and Human Services, DONZELLA DIXON, M.D. is considered an employee of the federal government based upon her affiliation with BETANCES HEALTH CENTER.

18. Based upon information provided by the Department of Justice and the Department of Health and Human Services, SARA ARMSTONG, FNP, was an employee of BETANCES HEALTH CENTER.

19. Based upon information provided by the Department of Justice and the Department of Health and Human Services, SARA ARMSTRONG, FNP, is considered an employee of the federal government based upon her affiliation with BETANCES HEALTH CENTER.

20. Based upon information provided by the Department of Justice and the Department of Health and Human Services, any and all medical services rendered by DONZELLA DIXON, M.D. and/or SARA ARMSTRONG, FNP., to plaintiff, at the BETANCES HEALTH CENTER, were within the scope of their employment with the federal government

## AS AND FOR A FIRST CAUSE OF ACTION

21. That at all times herein, defendant, BETANCES HEALTH CENTER, was and still is located at 280 Henry Street, New York, New York.

22. That at all times herein, defendant BETANCES HEALTH CENTER, had and still has a principle place of business in the County, City and State of New York.

23. That at all times herein, defendant operated a medical facility known as BETANCES HEALTH CENTER, located at 280 Henry Street, New York, New York.

24. That at all times herein, defendant managed a medical facility known as BETANCES HEALTH CENTER, located at 280 Henry Street, New York, New York.

25. That at all times herein, defendant maintained a medical facility known as BETANCES HEALTH CENTER, located at 280 Henry Street, New York, New York.

26. That at all times herein, defendant controlled a medical facility known as BETANCES HEALTH CENTER, located at 280 Henry Street, New York, New York.

27. That at all times herein, defendant, at the facility described above, was and still is a place of public accommodation for the treatment, service and care of medically ill persons.

28. That at all times herein, defendant, at the facility described above, held itself out as duly qualified and capable of rendering adequate medical and diagnostic care and treatment to the public, and for such purposes hired physicians, nurses, attendants and other personnel.

29. That at all times herein, plaintiff, DEBRA EARLY-KING, came under the care of the physicians, nurses, and other health care providers at BETANCES HEALTH CENTER, including, but not limited to, defendant, DONZELLA DIXON, M.D. and SARA ARMSTRONG, FNP.

30. That at all times herein, defendant, DONZELLA DIXON, M.D., was and still is a physician practicing in the field of internal medicine.

31. That at all times herein, DONZELLA DIXON, M.D., held herself out as a specialist in the field of internal medicine.

32. That at all times herein, defendant, DONZELLA DIXON, M.D., held herself out as duly qualified and capable of rendering adequate medical care and treatment to the public, and more particularly, to plaintiff, DEBRA EARLY-KING.

33. That at all times herein, defendant, SARA ARMSTRONG, FNP, was and still is a nurse practitioner.

34. That at all times herein, defendant, SARA ARMSTRONG, FNP, held herself out as duly qualified and capable of rendering adequate medical care and treatment to the public, and more particularly, to plaintiff, DEBRA EARLY-KING.

35. That from July 29, 2014 and continuing through August 13, 2014, plaintiff, DEBRA EARLY-KING, received medical care from defendant at its BETANCES HEALTH CENTER, through DONZELLA DIXON, M.D., and SARA ARMSTRONG, FNP, as well as other physicians and/or nurses.

36. That from July 29, 2014 and continuing through August 13, 2014, defendant, at its BETANCES HEALTH CENTER, through its agents, servants and/or employees, including, DONZELLA DIXON, M.D., and SARA ARMSTRONG, FNP, failed to properly treat the Plaintiff, DEBRA EARLY-KING

37. That from July 29, 2014 and continuing through August 13, 2014, defendant, at its BETANCES HEALTH CENTER, through its agents, servants and/or employees, including, DONZELLA DIXON, M.D., and SARA ARMSTRONG, FNP, failed to properly treat the Plaintiff, DEBRA EARLY-KING, in accordance with good and accepted medical practices.

38. That July 29, 2014 and continuing through August 13, 2014, Plaintiff presented to defendant, at its BETANCES HEALTH CENTER, through its agents, servants and/or employees,

including, DONZELLA DIXON, M.D., and SARA ARMSTRONG, FNP, for treatment of her nasal condition.

39. That at all times herein, Defendant, at its BETANCES HEALTH CENTER, through its agents, servants and/or employees, including, DONZELLA DIXON, M.D., and SARA ARMSTRONG, FNP, failed to properly treat and / or diagnose Plaintiff's nasal condition.

40. That at all times herein, Defendant departed from good and accepted medical practice in its treatment of the Plaintiff.

41. That on and/or during the aforementioned dates, defendant, at its BETANCES HEALTH CENTER, through its agents, servants and/or employees, including, DONZELLA DIXON, M.D., and SARA ARMSTRONG, FNP, were negligent, careless and/or unskilled in that they failed to properly evaluate the conditions manifested by plaintiff, DEBRA EARLY-KING; failed to perform surgery; failed to perform a culture; failed to diagnose an infection; failed to properly treat an infection; failed to aggressively monitor and manage the Plaintiff during and subsequent to the treatment rendered herein; failed to perform radiological studies; failed to and neglecting to take any steps to rectify and/or mitigate the said conditions; failed to call additional consults; failed to take heed of, notice and observe all the heralding signs, symptoms and complaints including, but not limited to the conditions alleged herein; and failed to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by physicians, surgeons, nurses, medical clinics and/or facilities and hospitals, and were otherwise negligent and unskillful.

42. That solely by reason of the negligence, carelessness, misfeasance, malfeasance, and malpractice of defendant, as aforesaid, plaintiff, DEBRA EARLY-KING, sustained bodily and internal injuries, was caused to suffer severe physical pain and mental, psychological and emotional anguish,

was caused to undergo further medical and surgical procedures; was incapacitated from attending to her usual duties, functions, avocations and vocation; was confined to bed and home; and was caused to expend certain sums of money for medicines and medical attention (upon information and belief, the injuries are permanent and lasting in nature).

43. That the aforesaid was occasioned wholly and solely by negligence, carelessness, unskillfulness, and unprofessionalism of defendant without any negligence on the part of plaintiff, DEBRA EARLY-KING.

44. That the limitations on liability set forth in CPLR §1601 do not apply, by reason of the doctrine of respondeat superior (CPLR §1602(2)(iv)).

45. That the amount of damages sustained by plaintiff, DEBRA EARLY-KING, herein, exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

WHEREFORE, plaintiff, DEBRA EARLY-KING, demands judgment against defendant on the First Cause of Action in an amount of Five Million ($5,000,000.00) Dollars, together with the interest, costs and disbursements of the action.

Dated: New York, New York
      October 4, 2017

                                            Yours, etc.,

                                            GERSOWITZ, LIBO & KOREK, P.C.

                                            By:_____
                                            Michael A. Frühling (MAF 8911)
                                            Attorneys for Plaintiff
                                            111 Broadway, 12th Floor
                                            New York, New York 10006
                                            (212) 385-4410

UNITED STATES DISTRCIT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DEBRA EARLY-KING

                          Plaintiff,

    -against-                                    **VERIFICATION**

UNITED STATES OF AMERICA,

                          Defendants.
-----------------------------------------------------------------------X

STATE OF NEW YORK   )
                               ) ss:
COUNTY OF NEW YORK )

        DEBRA EARLY-KING, being duly sworn, deposes and says:

1. I am the Plaintiff in the above-captioned action.

2. I have read the foregoing COMPLAINT and I know the contents thereof. They are true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

                                                                    _____
                                                                    DEBRA EARLY-KING

Sworn to before me this
___th day of October, 2017

_____
Notary Public

                                              JOEL BOBADILLA
                                    Notary Public, State of New York
                                         No. 01BO6329529
                                    Qualified in Queens County
                               Commission Expires August 24, 2019