USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

DEBRA EARLY-KING,

                                  Plaintiff,                      **18-CV-0142 (KHP)**

                -against-                          **ORDER SCHEDULING A BENCH TRIAL**

UNITED STATES OF AMERICA,

                                  Defendant.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

On June 22, 2020, the parties appeared for a case management conference. As discussed on the record, the following order is entered:

**Bench Trial.** A bench trial in this matter is scheduled for **November 16, 2020 at 10:00 a.m.** in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York.

**Pre-trial Conference**. A pre-trial conference is scheduled for **November 9, 2020 at 10:00 a.m.** in Courtroom 17-D. The Court will address the parties' motions *in limine* (if any) at that time.

**Motions *In Limine*.** Any motions *in limine* shall be filed by **October 5, 2020**. Opposition briefs shall be filed by **October 19, 2020**. Reply briefs shall be filed by **October 26, 2020**.

**Joint Pre-Trial Order and other Submissions.** The parties shall file a joint pretrial order by **October 26, 2020**. In accordance with Judge Parker's Individual Practices, the proposed pretrial order shall include:

1. The full caption of the action;

2. the name, address, telephone number and email of the attorneys who will be participating in the trial for Plaintiff and Defendant;

3. a brief statement identifying the basis for subject matter jurisdiction, and, if that jurisdiction is disputed, the reasons therefor;

4. a list of each claim and defense that will be tried and a list of any claims and defenses asserted in the pleadings that are not to be tried;

5. a statement of the claims for damages or other relief that Plaintiff seeks;

6. a list by each party of its trial witnesses that it, in good faith, expects to present, and the general subject area of the witness's testimony and the order and anticipated length of the witness's testimony;

7. a list by each party of exhibits that it, in good faith, presently expects to offer in its case in chief, together with any specific objections thereto (Plaintiff's exhibits should be listed by <u>number</u> and Defendant's exhibits should be listed by <u>letter</u>.);

8. all stipulations or statements of fact or law on which the parties have agreed;

9. a proposed schedule by which the parties will exchange demonstratives that the parties intend to use at trial, notify each other of any objections thereto, consult with each other regarding those objections and notify the Court of any remaining disputes such that they can be addressed at the November 9, 2020 final pre-trial conference;

10. the necessity of translator(s) and whether the parties have arranged for the same (if applicable);

11. any courtroom technology needed; and

12. all other matters the parties believe are important to the efficient conduct of the trial.

In addition to the joint pre-trial order, by **October 26, 2020**, the parties shall submit proposed findings of fact and conclusions of law by each party with citations to applicable cases and exhibits, together with memoranda of law that identify the issues, summarize the facts and applicable law, and address any evidentiary issues.

Finally, by **November 11, 2020**, the parties shall deliver copies of their respective exhibits to the Court in a binder for the Court's use at trial.  Copies of these exhibits also shall be emailed to Judge Parker at Parker_NYSD_Chambers@nysd.uscourts.gov.

**Conduct of Trial.**

1. On the first day of trial, counsel must arrive at 10:45 a.m. to Courtroom 17D.  The parties are expected to have witnesses available to fill the trial day and should accommodate each other's witness schedules in the event a witness needs to be taken out of turn.  Counsel are expected to be diligent in inquiring as to the availability of all witnesses.

2. Opening statements must be devoid of argument or discussions of the law.  Their main purpose is to outline the proof to be presented.  Each party's opening statement is limited to **15** minutes.  The requirement of contemporaneous objection applies to opening statements.  The parties may elect to waive opening statements.

3. Speaking objections during trial are prohibited.  Counsel shall say the word "objection" followed by a word or brief phrase to indicate the nature of the objection (for example, "objection, hearsay").

4. Depositions offered in lieu of live testimony will not be read aloud.

5. If a witness needs an interpreter, the party calling such witness must arrange for the presence of a certified simultaneous interpreter.  Similarly, a party needing an interpreter must arrange for the presence of such an interpreter.

6. Defendants' counsel will give closing arguments first, followed by Plaintiff's counsel. No rebuttal is allowed unless Plaintiff's counsel makes an argument that Defendants' counsel could not reasonably have anticipated. The requirement of contemporaneous objection applies to closing statements.

7. Counsel should make sure that they have custody of all their original exhibits during the trial and maintain custody of the exhibits after conclusion of the trial. *See* Local Civil Rule 39.1(a).

8. Post-verdict motions must be made within the time permitted by the applicable rules.

**SO ORDERED.**

DATED:   New York, New York
         June 22, 2020

_____
KATHARINE H. PARKER
United States Magistrate Judge